738

[No. 1627-2.   Division Two.   January 8, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES W. VANDERBURG, *Appellant.*

*Stephen Hyde*, for appellant.

*Curtis Janhunen, Prosecuting Attorney*, and *David L. Edwards, Deputy*, for respondent.

PETRIE, C.J.—Defendant, James Vanderburg, was convicted of grand larceny—welfare fraud. The information charged him with having obtained public assistance by means of three alternative modes: He (1) willfully gave a false statement to the Department of Social and Health Services (DSHS); (2) willfully failed to reveal to DSHS as required by law a material fact affecting his need or eligibility; and (3) willfully failed to promptly notify DSHS as required by law of a change in status with respect to resources or income affecting his eligibility or need for assistance. We focus on the third alternative mode, find there is

insufficient evidence to support a conviction thereon, and reverse the conviction.

Mr. Vanderburg applied at the Elma office of DSHS for public assistance and food stamps on January 24, 1974. He told the receptionist that he was illiterate, and she assisted him in filling out the necessary forms. After he signed the form which the receptionist filled out for him, he was provided with a food coupon authorization. On February 5 he returned to the same office, was assisted by the same receptionist in filling out another form, applied his signature to it, and subsequently received several state warrants in varying amounts.

Mr. Vanderburg worked for a dairy farmer from April 8 to April 14 and was paid $93.91 by the farmer on April 15. On April 25 two investigators for DSHS contacted him and he supplied information to them contradicting the information on the DSHS forms he had signed on January 24 and February 5. He also told them, and signed a statement, that he had worked for the dairy farmer.

The essential issue is whether or not there is substantial evidence to prove that Mr. Vanderburg criminally *omitted* to notify DSHS of a change in resources or income affecting his eligibility or need for assistance.

RCW 74.08.331 provides:

Any person who by means of . . . a wilful failure to *promptly notify* the county office [DSHS] in writing *as required by law* [of] *any change in status* in respect to resources, or income, . . . affecting his eligibility or need for assistance, . . . obtains . . . any public assistance to which he is not entitled . . . shall be guilty of grand larceny . . .

(Italics ours.)

RCW 74.04.300 provides in pertinent part:

It shall be the *duty of recipients* of public assistance *to notify the department within twenty days* of the receipt or possession of all income or resources not previously declared to the department, and any failure to *so report* shall be prima facie evidence of fraud: . . .

(Italics ours.)

WAC 388-30-107 provides:

*The recipient has the responsibility to*
(1) Report accurately all changes in his circumstances which affect his continuing eligibility for assistance,
(2) *Report* such changes in writing to the local office *within twenty days* of the change in circumstances,
(3) Take any action which is reasonably possible for him to develop resources which will reduce or eliminate his need for public assistance.

(Italics ours.)

██ Criminal sanctions for a failure to act under RCW 74.08.331 follow only upon breach of an affirmative duty to act as required by law. *State v. Walters*, 8 Wn. App. 706, 508 P.2d 1390 (1973). By statute and by departmental regulation, a recipient of public assistance has an affirmative duty to notify DSHS "within twenty days" of a change in status with respect to resources or income. The crime is completed *only* when the recipient fails to notify DSHS within the time period permitted by law. When he actually notifies the department of his change of status within the permissible time period, the recipient has fulfilled his affirmative duty regardless of the motivating factors which prompted him to so notify the department.

In its attempt to prove this crime of omission, the State has actually supplied proof that Mr. Vanderburg did notify the DSHS of his change from unemployed status within 20 days of the first date of his employment and within 20 days of the date of his receipt of income from that employment. Whether or not Mr. Vanderburg would have notified the department within 20 days of the change in his status had the department investigators not contacted him on April 25 is a matter of some conjecture, but it is not material to the precise issue involved in this appeal.

We hold there is insufficient evidence to sustain Mr. Vanderburg's conviction of grand larceny—welfare fraud by means of the alternative mode of failure to notify the DSHS of a change in status affecting his eligibility or need for assistance. We turn, then, to the effect of that insufficiency upon Mr. Vanderburg's conviction.

■ When one is charged with having committed a crime by several methods and there is a deficiency of proof as to one or more of those methods, the court must set aside the verdict unless it can ascertain that the jury founded its verdict upon one of the methods with regard to which substantial evidence has been introduced. *State v. Carothers*, 84 Wn.2d 256, 525 P.2d 731 (1974). There is no indication that the jury returned special verdicts or made special findings. The jury was instructed that in order to convict Mr. Vanderburg it had to agree unanimously as to any one of the alternative modes by which the crime had been charged. The jury may properly have convicted upon the basis of either or both of the other alternative modes. From a general verdict, however, we cannot ascertain upon which alternative mode the jury agreed unanimously. Accordingly, we must reverse the judgment and remand the case for new trial. *State v. Mitchell*, 29 Wn.2d 468, 188 P.2d 88 (1947); *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970).

Reversed and remanded.

PEARSON and REED, JJ., concur.